DENIED and SO ORDERED.
ENTER: 8/19/2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION

MDL No. 2326

THIS DOCUMENT RELATES TO:

*Kortney Cline v. Boston Scientific Corp.*, Civil Action No. 2:14-cv-17998

**PLAINTIFF'S MOTION TO REMAND**

For over five years, Plaintiff Kortney Cline ("Ms. Cline" or "Plaintiff") has been waiting for her day in Court. Indeed, on October 24, 2013, Ms. Cline filed a Complaint in the Circuit Court of Washington County, Arkansas against Boston Scientific Corporation ("BSC") alleging injuries including, but not limited to, extreme and continuing mental and physical pain, vaginal bleeding, fatigue, nausea and depression resulting from the implantation of BSC's Obtryx Transobturator Mid-Urethral Sling System ("Obtryx Sling"). ECF Doc. No. 1, Exhibit A. Ms. Cline is a resident of the State of Arkansas and originally identified the Circuit Court of Washington County, Arkansas as the proper Venue for this case because this is the jurisdiction in which the implantation of Ms. Cline's Obtryx Sling occurred, and where BSC marketed, promoted, sold and otherwise distributed the Obtryx Sling. Id. at ¶¶1-11.

Throughout the course of this national TVM litigation, undersigned counsel has resolved approximately 4,000 TVM cases. Despite that accomplishment, and despite counsel's best efforts, the parties are unable to resolve the Cline case because, in part, BSC disputes the nature, origin and extent of Ms. Cline's injuries. As such, and for the reasons below, Plaintiff requests that the Court remand her case to Washington County, Arkansas for an immediate trial date.

1

*Plaintiff's Injuries*

On July 22, 2009, Ms. Cline was implanted with BSC's Obtryx Sling to treat symptoms including, but not limited to, pelvic pain and stress urinary incontinence. Thereafter, Ms. Cline suffered worsening of the symptoms and conditions which BSC's Obtryx Sling was marketed and intended to mitigate and/or cure. Ms. Cline also developed myriad new symptoms and conditions, many of which were not disclosed by BSC as potential adverse events from implantation of the Obtryx Sling. The injuries Ms. Cline suffered—many of which she continues to suffer—affected all areas of her life ranging from, for instance, an inability to sit down for extended time, to extreme pain encountered with sexual intercourse, to recurrent infections, to urinary incontinence. After suffering for nearly ten (10) years while attempting to manage her post-implantation symptoms, Ms. Cline ultimately underwent a revision surgery in June 2018 to remove the Obtryx Sling. As stated in the sworn statement of Dr. Michael Carley, the surgeon who performed Ms. Cline's revision surgery, removal of the Obtryx Sling was intended to alleviate "chronic pain and inflammation that is likely caused by, or contributed to by, the mesh sling she has in place." *See* Exhibit A, Affidavit of Michael E. Carley, MD. Absent the implantation of BSC's Obtryx Sling, Ms. Cline would neither have suffered the physical and emotional pain to the extreme extent she endured, nor required the revision surgery.

Specifically, Ms. Cline's injuries following implantation of BSC's Obtryx Sling included, among others: vaginal bleeding; worsening stress urinary incontinence; constant pelvic pain; inability to have sexual intercourse; recurring urinary tract infections; neuropathy; anxiety; depression; kidney stones; and, erosion of the vaginal wall. In fact, the stress urinary incontinence BSC's Obtryx Sling was intended to correct only worsened following implantation of the device. *See* ECF Doc. No. 40, Plaintiff Profile Form. These myriad issues forced Ms. Cline to drastically

alter her daily life, leave her employment and forego many activities she once enjoyed. Ms. Cline's injuries required extensive medical care and treatment, thereby causing her to incur substantial expense and financial hardship.

Despite Plaintiff's new and worsening conditions suffered following implantation of the Obtryx Sling and the subsequent surgery to remove this device, BSC denies that the Obtryx sling caused and/or worsened Plaintiff's conditions. Because BSC denies liability for the full extent of Ms. Cline's injuries, Plaintiff's case has little to no chance of resolving absent remand.

### *Resolution Attempts Have Reached an Impasse.*

For the past several years, undersigned counsel and Ms. Cline's previous counsel, Cox, Cox & Estes, PLLC, attempted to engage in individual negotiations with BSC on the Cline matter to no avail. Cox, Cox & Estes, PLLC, originally extended an offer to Defendants to settle Ms. Cline's case in March of 2015, but Defendants refused Ms. Cline's settlement offer.

Ms. Cline's case was previously included in the master settlement allocation model that was brokered in 2016 in the case of *Katherine Hall v. Boston Scientific Corporation*, Cause No. 2:12-cv-81867 ("Hall Settlement"). While the Hall Settlement model was an appropriate solution for hundreds injured women, the allocation model did not match up with Ms. Cline's continuing, worsening and/or permanent health issues, nor did it include compensation for Ms. Cline's then planned but unperformed revision surgery. As a result, Ms. Cline rejected the MSA offer made pursuant to the Hall Settlement allocation model.

From September to October of 2018, depositions of Ms. Cline and her medical treatment providers were taken with the intent of aiding settlement negotiations. In October 2018, Plaintiff's counsel inquired of Defendants' willingness to negotiate settlement of this matter following the conclusion of Ms. Cline's deposition. However, Defendants indicated they were unwilling to

engage in any further settlement discussions.  The only path left for Ms. Cline is through the Court and, therefore, we respectfully request remand to the Circuit Court of Washington County, Arkansas.

Respectfully submitted this 29th day of March, 2019

> */s/ Aimee H. Wagstaff*
> Aimee H. Wagstaff, CO Bar No. 36819
> **ANDRUS WAGSTAFF, PC**
> 7171 W. Alaska Drive
> Lakewood, CO 80226
> Tel: (303) 376-6360
> Fax: (303) 376-6361
> aimee.wagstaff@andruswagstaff.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 29th, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                                       */s/ Aimee H. Wagstaff*
                                                                         Aimee H. Wagstaff, Esq.

**ANDRUS WAGSTAFF, PC**
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com